UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAMIR BOSKOVIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No. 4:14CV927 NCC |
| | ) |
| BRISTOL WEST INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the court is the Motion to Remand Case filed by Plaintiff Damir Boskovic. (Doc. 6). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. (Doc. 8).

## FACTUAL BACKGROUND

Plaintiff filed the instant cause of action in the Circuit Court of the City of St. Louis, Missouri, on August 23, 2013, naming Farmers Insurance Company, Inc. (Farmers) as Defendant. Defendant subsequently informed Plaintiff that the properly named party Defendant is Bristol West Insurance Company (Bristol West). In Count 1 (Breach of Contract) and Count 2 (Vexatious Refusal to Pay) of his State court petition, Plaintiff sought damages in an amount that was fair and reasonable, in excess of $25,000, pursuant to an uninsured motorist claim arising out of a motor vehicle accident, which occurred on August 19, 2012. In Count 2, Plaintiff additionally sought statutory damages for vexatious refusal to pay, along with statutory attorney's fees.[1] Plaintiff stated that he had injuries to his neck, back, spine, chest, ribs and

---
[1] Mo. Rev. Stat. § 375.420 (Vexatious Refusal to Pay) provides:

shoulder from the underlying accident to his head; he would require treatment in the future; and his ability to work, labor, and enjoy life were impaired as a result of the accident. (Doc. 1-2). See Mo. R. Civ. P. 55.05 ("If a recovery of money be demanded, the amount shall be stated, except that in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority, but the prayer shall be for such damages as are fair and reasonable."). Defendant filed an answer on November 22, 2013. (Doc. 1-2 at 21-29).

On December 26, 2013, Defendant served Plaintiff with its First Set of Interrogatories and First Request for Production. (Doc. 1-2 at 49). On January 27, 2014, Plaintiff filed his Certificate of Mailing for Plaintiff's Discovery Responses. (Doc. 1-2 at 59). In his responses, Plaintiff stated that no estimates had been prepared as to the amount of damage to the relevant vehicle; he suffered injuries to his head, neck, back, spine, chest, ribs, and shoulders; he continued to have complaints with regard to those parts of his body; payments to medical providers included $1,352.50 to St. Anthony's Hospital, $476.00 to a St. Anthony's ER Physician, $9,880.00 to a doctor, $3,790.00 to Metro Imaging, $1,438.25 to Sullivan Chiropractic, and $82.00 to Lemay Internal Medicine. (Doc. 6-3, ¶¶ 17, 20, 25). Thus, Plaintiff advised Defendant that his claimed damages for medical costs were in excess of $17,000. Also, Plaintiff did not provide the amount paid a consulting expert physician, Dr. Peter Mirkin, whom

---

In any action against any insurance company to recover the amount of any loss under a policy of automobile … or other insurance except automobile liability insurance, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.

he saw on April 26, 2013; Plaintiff stated he would produce Dr. Mirkin's report upon request; and he stated, in response to Interrogatory 24, Amount Claimed, that the amount was to be determined by a jury. In response to Interrogatory 26, asking for the amount of his lost wages, Plaintiff said he earned $2,000 a month, and the total amount he was claiming would "be supplemented." In response to Interrogatory 31, asking the amount Plaintiff was seeking for vexatious refusal to pay, Plaintiff said that, according to Missouri rules, he would answer the Interrogatory once discovery had been completed or at a later time as ordered by the court. (Doc. 6-3).

Plaintiff states, and Defendant does not dispute, that Dr. Mirkin's report was re-disclosed on January 27, 2014; the report had previously been sent, by facsimile, to Defendant, on May 8, 2013. (Doc. 6-4 at 1-4; Doc. 9 at 3). Prior to the filing of the instant lawsuit in State court, Plaintiff had a consultive medical evaluation, on April 26, 2013, with Dr. Mirkin, a spine surgeon, who recommended, in his report, that Plaintiff have additional treatment in the form of therapy, steroid injections and/or spine surgery for Plaintiff's two "rather significant" thoracic disc herniations. Dr. Mirkin noted that Plaintiff previously did not have the type of thoracic pain he was having, and that he had symptomology for many months. Dr. Mirkin also stated that he recommended Plaintiff first have therapy and injections, as surgery is "indicated for recalcitrant cases"; surgical intervention would be "very difficult as often an approach through the chest has to be performed"; and Plaintiff "would be a candidate for a surgical option, assuming he [was] willing to consider all risks and potential benefits." (Doc. 6-4 at 2-4).

On February 6, 2014, Defendant filed a Certificate of Service of Second Request for Production and Second Interrogatories. (Doc. 1-2 at 79-84). On February 18, 2014, Defendant filed a Third Request for Production. (Doc. 1-2 at 87-92). On March 10, 2014, Plaintiff filed a

Certificate of Mailing for Plaintiff's Answers to Defendant's Second Interrogatories and Responses to Defendant's Second Request for Production. (Doc. 1-2 at 95-99). On March 12, 2014, Defendant filed a Motion to Compel Plaintiff's Responses to its First Set of Interrogatories and Request for Production. (Doc. 1-2 at 104-105). On March 19, 2014, Plaintiff filed his Response to Defendant's Third Request for Production. (Doc. 1-2 at 126). On April 11, 2014, the State court granted Defendant's Motion to Compel and ordered Plaintiff to produce responsive documents and answers. (Doc. 1-2 at 141).

On *April 25, 2014*, Plaintiff filed a Certificate of Mailing of Plaintiff's Supplemental Answers to Defendant's First Set of Interrogatories and Supplemental Responses to Defendant's First Request for Production. (Doc. 1-2 at 143). In response to Interrogatory 24, the Amount Claimed, Plaintiff stated that *he was requesting the represented amount of the insurance policy limits, $100,000,* in addition to vexatious refusal to pay damages. (Doc. 1-1 at 3).

Defendant *removed* this matter to federal court on *May 15, 2014*. In the notice of removal, Defendant states that removal was timely because it did not learn, until *April 25, 2014*, when Plaintiff filed his Supplemental Answers to Defendant's First Set of Interrogatories, that Plaintiff was requesting the amount of the insurance policy limits, $100,000; this response established that *the matter in controversy exceeded $75,000, the jurisdictional amount for establishing diversity jurisdiction of a federal court*; and Defendant, therefore, filed the Notice of Removal within thirty days after its "receipt of any 'paper from which it [could] ascertain[] that the case is one which is or has become removable.'" (Doc. 1, ¶ ¶ 6-7) (citing 28 U.S.C. § 1446(b)(3)).

## LEGAL FRAMEWORK and DISCUSSION

Federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and where the controversy meets the statutory diversity of citizenship requirement. 28 U.S.C. § 1332(a). "[T]he amount in controversy is determined by the value to the plaintiff of the right sought to be enforced." Advance America Servicing of Ark., Inc. v. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008) (citing Massachusetts State Pharm. Ass'n v. Fed. Prescription Serv., Inc., 431 F.2d 130, 132 (8th Cir. 1970)).

Relevant here is 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." "Where . . . the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party [] must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." In re Minn. Mutual Ins. Co. Sales Practices Litigation, 346 F.3d 830, 835 (8th Cir. 2003) (citing Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000) ("[T]he party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence.").

Moreover, 28 U.S.C. § 1446(b)(1) provides that a "notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant,

whichever period is shorter." Additionally, § 1446(b)(3) states: "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed *within 30 days after receipt by the defendant*, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper from which it may first be ascertained that the case is one which is or has become removable*." (emphasis added). The time limit of § 1446(b) is "mandatory" and "strictly construed . . . in favor of state court jurisdiction." McHugh v. Physicians Health Plan of Greater St. Louis, 953 F. Supp. 296, 299 (E.D. Mo. 1997). ***The 30-day time limit, however, only commences to run upon the filing of a complaint "when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount."*** Knudson v. Systems Painters, Inc., 634 F.3d 968, 974 (8th Cir. 2011) (quoting In Re Willis, 228 F.3d 896, 897 (8th Cir. 2000)) (emphasis added).

In addition, 28 U.S.C. § 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." "[U]ntimely removal is 'precisely the type of removal defect contemplated by § 1447(c).'" Arnold Crossroads, LLC v. Gander Mt. Co., 751 F.3d 935, 940 (8th Cir. 2014) (quoting Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 128 (1995)).

The Eighth Circuit holds that a district court is required to resolve any ambiguity as to whether removal is proper in favor of State court jurisdiction, and that "removal jurisdiction must be narrowly construed in favor of the nonmoving party." Arnold Crossroads, 751 F.3d at 740 (citing In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993)).

The issue presently before the court is when Defendant could have first ascertained that this matter was removable, and, thus, whether removal was timely. In support of the pending

6

remand motion, Plaintiff contends that Defendant knew, well before thirty days prior to removal, that Plaintiff was seeking damages in excess of $75,000. Particularly, Plaintiff argues that, at the very latest, Defendant should have known, no later than January 27, 2014, when it received Plaintiff's First Answers to Interrogatories and Responses to Requests for Production, that Plaintiff was seeking in excess of $75,000. (Doc. 6).

In its opposition to remand, Defendant contends that, in his original State petition, Plaintiff did not plead a specific dollar amount, other than to allege he was seeking damages that were fair and reasonable; prior to its receiving Plaintiff's Supplemental Answers to Defendant's First Set of Interrogatories, it could not have ascertained that the amount in controversy exceeded $75,000; and removal was timely as Defendant removed this matter within thirty days of receiving Plaintiff's Supplemental Answers. Defendant further argues that Dr. Mirkin's report indicated that surgery was a last option; that the report did not reflect estimated costs of Plaintiff's potential treatment; and, therefore, the report did not provide information from which Defendant could have ascertained that this matter was removable. Defendant additionally argues that, before receiving Plaintiff's Supplemental Answers, Plaintiff's quantifiable damages amounted to only $27,383.33 ($17,000 medical specials, $2,000 lost wages, $2,050 statutory penalty, and $6,333.33 in attorney's fees), and that it could not have ascertained until April 25, 2014, that Plaintiff was seeking damages in excess of the federal jurisdictional amount, $75,000.[2]

Because Plaintiff's State court petition court did not explicitly disclose that Plaintiff was seeking damages in excess of $75,000, the court finds, pursuant to Eighth Circuit precedent, that

---

[2] As stated above, Mo. Rev. Stat. § 375.420 provides for attorney's fees, in addition to damages, where an insurance company has refused to pay for a loss without reasonable cause or excuse. Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 823-27 (8th Cir. 2011). In its response, Defendant admits that Plaintiff's quantifiable attorney's fees were $6,333.33, based on a one third contingency fee. (Doc. 7 at 5-6). The reasonable attorney's fee provided by statute is included in the amount in controversy as such fees are awarded by statute. Rasmussen v. State Farm Mut. Auto Ins. Co., 410 F.3d 1029, 1030 (8th Cir. 2005).

the 30-day period for removal did not commence upon the filing of Plaintiff's cause of action in State court. See Knudson, 634 F.3d at 974; see also Hesser v. Home Depot U.S.A., Inc., 2013 WL 1914435, at *3 (8th Cir. May 8, 2013) (unpublished) (holding the Eighth Circuit has adopted a "bright-line rule" that the 30-day period begins to run from the filing of initial complaint only when complaint "explicitly discloses" that damages being sought exceed federal jurisdictional amount). Based on the above stated facts, the court further finds that Defendant could not have ascertained until April 25, 2014, that Plaintiff was seeking damages in excess of $75,000, and that, therefore, Defendant's removal, on May 15, 2014, was timely. See § 1446(b)(3); Knudson, 634 F.3d at 974; Hesser, 2013 WL 1914435, at *3. As such, the court further finds that Plaintiff's Motion to Remand should be denied.[3]

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand (Doc. 6) filed by Plaintiff is **DENIED.** (Doc. 6).

Dated this 21st day of July, 2014.

/s// Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff argued, for the first time, in his Reply to Defendant's Response to Plaintiff's Motion to Remand, that the value of this case may not, in fact, be worth more than $75,000. By Order, dated July 8, 2014, in accordance with Workman v. Kawasaki Motors Corp. U.S.A., 749 F. Supp. 1010, 1011 (W.D. Mo. 1990) (remand appropriate based on plaintiff's stipulation that the amount of damages claimed was less than federal jurisdictional amount, that court enter an order placing a limit on recovery, and that the stipulation could not be revoked), this court gave Plaintiff seven (7) days to file a stipulation that the total amount of damages he was seeking was less than $75,000. (Doc. 13). Plaintiff did not file a timely stipulation consistent with the court's Order.